**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

EDWARD THOMAS KENNEDY,     )
                                  )
        Plaintiff,            )
                                  )
       v.                     )      Civil Action No. 18-2695 (UNA)
                                  )
UNITED STATES DEPARTMENT     )
OF TREASURY, *et al.*,             )
                                  )
       Defendants.         )

## MEMORANDUM OPINION

On August 8, 2018, Chief Judge Maurice B. Foley, United States Tax Court, entered an

order dismissing the plaintiff's case for lack of jurisdiction. *See* Compl. ¶ 3. According to the

plaintiff, Chief Judge Foley and the remaining defendants have caused him harm for which he

demands monetary damages, *see id.* ¶¶ 52-53, among other relief.

Chief Judge Foley enjoys absolute immunity from liability for damages for acts taken in

his judicial capacity. *See Mirales v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349,

364 (1978) (concluding that state judge was "immune from damages liability even if his

[decision] was in error"). Without question, a judge's dismissal of a case is an action taken in his

judicial capacity. *See Burger v. Gerber*, No. 01-5238, 2001 WL 1606283, at *1 (D.C. Cir. Nov.

20, 2001) (per curiam); *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014), *aff'd*, No. 14-

5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015). Absent any showing by plaintiff that Chief

Judge Foley's "actions [were] taken in the complete absence of all jurisdiction," *Sindram v.*

*Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (citation omitted), he is "immune from damage suits

for performance of tasks that are an integral part of the judicial process," *id.* at 1461 (citations

omitted).

It is not clear what role the remaining defendants played in the events giving rise to plaintiff's claims. A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), yet plaintiff's complaint fails to "plead 'factual matter' that permits the court to infer 'more than the mere possibility of [defendants'] misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79).

The Court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint. An Order consistent with this Memorandum Opinion is issued separately.

DATE: December 30, 2018

United States District Judge